**Fill in this information to identify the case:**

Debtor Name__SDLOMO, LLC

UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PA

CASE NUMBER -25-14688 (DJB)

-(State)  PA

Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business

# Chapter 11 MAY 18, 2026

SDLOMO, LLC **Plan of Reorganization, Dated  MAY 18, 2026**

**Background for Cases Filed Under Subchapter V**

### A.  Description and History of the Debtor's Business Pursuant to 11 U.S.C. Section 1190(1)

Debtor is a general contractor, home remodeling and investor in rental properties. Debtor purchased certain properties at sheriff sales and did not have notice of the real estate and water liens on these properties.  The City scheduled a tax sale of one of the Debtor's properties, thus causing this instant bankruptcy.

Debtor has paid all post-petition adequate assurance payments to all of its secured creditors.

Debtor has enough income from its rental income to fund this proposed plan.  The Debtor believes this proposed Plan of Reorganization (the "Plan") is fair and equitable based on the Debtor's projected disposable income and thus, entirely feasible.

### B.  The Debtor's Creditors:

**Secured Claims**:
**There are secured claims including real estate taxes, water liens and pre-petition mortgage arrears that will be paid through this plan.**

**Priority Claims:**
**There are no priority claims to be paid.**

**Wholly Unsecured Claims**

**There are no unsecured claims.**

**Administrative Claims:**
**The Debtor's Administrative Claims are being paid in full through the bankruptcy as they come due and approved by the Court.**

**PLEASE SEE ATTACHED TO THIS PLAN, EXHIBIT "A"– TABLE OF BREAKDOWN OF PLAN PAYMENTS**

The Debtor's Monthly Disposable Income allows for the payment of all secured claims to be paid in full.  This analysis is based on the Debtor's "Projected Cash Flow Statement," attached as Exhibit "B."

**Claims Bar:**

The Claims bar date has not been set.

**The Debtor will make the monthly payments as per the attached Plan Payment schedule attached as <mark>Exhibit "A."</mark>  The Subchapter V Trustee will not need to distribute any payments.**

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation.

A liquidation analysis is attached as <mark>EXHBIIT "C."</mark>

C. Ability to make future plan payments and operate without further reorganization

The Debtor shows pursuant to the projected earnings that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. Therefore, the Plan is feasible.

The Debtor has provided projected financial information as set forth on <mark>Exhibit "B,"</mark> **the Projected Cash Flow Statement.**

The Debtor's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) as set forth on the Projected Cash Flow Statement **IN AN AMOUNT TO PROVIDE FOR THE 60 MONTHLY PAYMENTS TO ALL CREDITORS OVER THE COURSE OF FIVE (5) YEARS.**

The final Plan payment is expected to be paid in 2031.

SDLOMO, LLC

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of CHAD ROSENTHAL from DEBTOR'S WAGES.

This Plan provides for:

| | |
|---|---|
| 0 | classes of priority claims; |
| 1 | classes of secured claims; |
| 0 | classes of non-priority unsecured clams; and |
| 1 | classes of equity security holders.  The Principal of the Debtor expects to retain his interest in the business under Subchapter V. |

There are no non-priority        unsecured claims.

All priority administration claims shall be paid as they come due and approved by this Court.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01   **Class 1...................................... All allowed claims entitled to priority under § 507(a) of the Code.  This class includes administrative and professional fee claims.  ALL PRIORITY ADMINISTRATIVE CLAIMS WILL BE PAID AS THEY COME DUE AND APPROVED BY THE COURT.**

2.02   **Class 2- SECURED CLAIMS:  ONLY POST-PETITION ARREARS TO SECURED CREDITORS ARE BEING PAID THROUGH THE PLAN.**

2.03   **Class 3:**  All non-priority unsecured claims allowed under § 502 of the Code.
...........................................................**NO UNSECURED CLAIMS ARE BEING PAID THROUGH THE PLAN.**

2.04   **Class 4:   Debtor's principal will maintain his equity ownership in the reorganized debtor AS THERE ARE NO UNSECURED CREDITORS AND THUS, THE ABSOLUTE PRIORITY RULE DOES NOT APPLY.**

SDLOMO, LLC

| | Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees |
|---|---|
| **3.01** **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| **3.02** **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full over the life of the Plan in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| **3.03** **Priority tax claims** | |
| **3.04** **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| **3.05** **Prospective quarterly fees** | **ALL   QUARTERLY   FEES   WILL   BE   PAID   AS   THEY   COME   DUE.** |

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – **ADMIN claims** excluding those in Article 3 | ❑ Impaired<br>**XX** Unimpaired | Class 1 -- Priority TAX Claims will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable.<br><br>Class 1 -- Administrative Claims:  TO BE PAID AS THEY COME DUE AND APPROVED BY THE COURT |
| Class 2 – **SECURED CLAIMS – Post petition arrears to be paid over the life of the Plan.** | | |
| Class 3 – **Non-priority** unsecured creditors. THERE ARE NO UNSECURED CLAIMS TO BE PAID | | |
| Class 4 - Equity security holders of the Debtor | | |

**THE PRINCIPAL OF THE DEBTOR WILL MAINTAIN HIS INTEREST IN THE REORGANIZED DEBTOR AS THERE ARE NO UNSECURED CLAIMS TO BE PAID.**

SDLOMO, LLC

## Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:<br><br>(i)  a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed  -- NO DISPUTUED CLAIMS WILL BE PAID |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

SDLOMO, LLC

---

**6.01 Assumed executory contracts and unexpired leases**

The Debtor assumes, and if applicable assigns, the following executory contracts, and unexpired leases as of the effective date:

(a)  Except for executory contracts and unexpired leases that have been assumed pursuant to the Debtor's Petition and Schedules, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

**DEBTOR WILL FUND THE PLAN FROM THE INCOME FROM ITS REGULAR HOME INCOME AND EXPENSESAS PER THE ATTACHED PROJECTED INCOME FILED AS <mark>EXHIBIT "B."</mark> THE DEBTOR WILL BE MAKING ALL OF THE PAYMENTS FROM THE DEBTOR WITH NO NEED FOR ANY AGENT OF THE DEBTOR TO MAKE ANY PAYMENTS TO ANY OF THE CREDITORS.**

### Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that **IS ON THE FIRST DAY OF THE MONTH AFTER CONFIRMATION.** If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the COMMONWEALTH of PENNSYLVANIA govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |

Official Form 425A          **Plan of Reorganization for Small Business Under Chapter 11**          page **5**

SDLOMO, LLC

SDLOMO, LLC

| [8.07 **Corporate governance** | **THE DEBTOR IS A LIMITED LIABILITY CORPORATIONORGANIZED UNDER THE LAWS OF THE COMMONWEALTH OF PA AND ALL FEDERAL IRS GUIDELINES.** |

SDLOMO, LLC

SDLOMO, LLC

[8.08 **Retention of Jurisdiction**     This Court shall retain jurisdiction until substantial consummation of the Debtor's Plan post confirmation.

Article 9: Discharge

[Include the appropriate provision in the Plan]

**[No Discharge -- Section 1141(d)(3) IS applicable.]**

**In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case UNTIL ALL PAYMENTS HAVE BEEN RECEIVED UNDER THIS PLAN OR THERE SHOULD BE AN ADMINISTRATIVE DISCHARGE OF THIS CASE PURSUANT TO THE BANKRUPTCY CODE.**

SDLOMO, LLC

SDLOMO, LLC

**Article 10: Other Provisions**

**[Insert other provisions, as applicable.]**

DEBTOR SHALL FILE QUARTERLY MONTHLY OPERATING REPORTS DETAILING  DISBURSEMENTS  MADE
PURSUANT TO PLAN PAYMENTS NO LATER THAT THE 20TH DAY OFTER THE END OF EACH QUARTER

*/s/LAMONTE OWNENS, MAY 18, 2026*

SDLOMO, LLC

## _Principal of the Debtor_

[Signature of the Plan Proponent]                    [Printed Name]

☐ _/s/ Maggie S. Soboleski    May 18, 2026_

[Signature of the Attorney for the  Debtor]              [Printed Name]